IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
_____2_____ DIVISION

JERICA MOORE-JONES, Individually
And as Parent and Next Friend of Del Moore                     PLAINTIFFS

vs.                                    NO.

ARKANSAS STATE POLICE and
TROOPER ANTHONY TODD QUICK                                      DEFENDANTS

## COMPLAINT

Comes now the plaintiffs, Jerica Moore-Jones, individually and a parent and next friend of Dela Moore, by and through her attorneys, Richard E. Holiman of the Holiman Law Firm and James F. Swindoll and the Law Offices of James F. Swindoll, and for their cause of action against the defendants, Arkansas State Police and Trooper Anthony Todd Quick, alleges and states:

Introduction

1. This case is about the unconstitutional treatment of citizens during a traffic stop of plaintiff and her daughter, Dela, in Saline County,

FILED IN MY OFFICE AND SUMMON
ISSUED AT_11:02_O'CLOCK_A_M
_____6-15-16_____DATE
LAFAYETTE WOODS, SR., CLERK
_____Shawn Lewis_____ DC

Arkansas on November 7, 2015, at the Raymar Road Overpass exit on I-30.

2. On November 7, 2015, plaintiff, Jerica Moore-Jones, was driving her 2014 Dodge Challenger when suddenly and without warning the Arkansas State Police, (hereinafter known as "ASP") and its employee, Trooper Anthony Todd Quick, (hereinafter known as "Trooper Quick") rammed his police cruiser into the vehicle plaintiff was driving and knocked it off of the road causing injuries and damages to plaintiff and her daughter, Dela, as hereinafter alleged.  Such action in intentionally initiating the contact with plaintiff and her vehicle causing it to crash and injury to the occupants during a routine traffic stop was unconstitutional force in violation of the rights of plaintiffs as herein after alleged.

3. That on November 7, 2015, at 8:24pm plaintiff Jerica Moore-Jones was driving on the access road near Raymar Road Overpass in Saline County when the defendants, ASP and Trooper Quick, initiated a traffic stop for expired tags and Trooper Quick turned on the police cruisers lights to give notice to Ms. Moore-Jones.  Ms. Moore-Jones noticed the lights and slowed down and was proceeding to a lighted, safer area when within 52 seconds of turning on his police cruiser lights, Trooper Quick

2

intentionally rammed his police cruiser into the vehicle of plaintiff causing it to spin off the road and crash.

4.     The actions of Trooper Quick and the ASP constitute deliberate indifference to plaintiff and her daughter's safety and were a known risk of harm or at worst malice designed to harm plaintiff and her daughter.

5.     This complaint further alleges through inadequate supervision and training of the Troopers of the ASP through willful encouragement of violent and reckless behavior the ASP, the defendants collectively fail to provide and protect the constitutional rights of those persons being stopped for routine traffic stops and refuse to allow the plaintiff and other women being stopped for traffic offense to be able to pull to an area of safety as herein after alleged. It further alleges that the ASP engage in a pattern and practice of denying responsibility and instead ticketing drivers, such as plaintiff, to oppress them and keep them from complaining of this conduct. Plaintiff brings this case for herself, her daughter, Dela, and other women similarly situated.

6.     It further alleges that because of the circumstances, this was an intentional illegal act and was an assault and battery of plaintiff and her

daughter, Dela, under Arkansas law and seeks damages as provided by Arkansas law.

Jurisdictional Statement

7. Plaintiff brings this action pursuant to 42 U.S.C. 1983 and Fourteenth Amendment to the Constitution of the United States Constitution.

8. Subject matter jurisdiction is proper in this court pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343 and U.S.C. §1367(a). This court has supplemental jurisdiction over plaintiff's state law claims for assault and battery pursuant to 28 U.S.C. §1367(a) as the claims form part of the same controversy as the 42 U.S.C. §1983 claim.

9. Venue is proper in this court because plaintiff is a resident and citizen of Jefferson County at all times relevant hereto.

Parties

10. Jerica Moore-Jones is the plaintiff herein, was the driver of the vehicle rammed by the ASP cruiser and is the natural mother of Dela Moore, a minor, who was the passenger.

4

11. ASP Trooper Quick was working traffic in an ASP cruiser and was on duty on November 7, 2015. At all times relevant hereto he was an employee of the Arkansas State Police at the time of unlawful, unconstitutional and intentional acts against Jerica Moore-Jones and her daughter, Dela.

12. Defendant Arkansas State Police is responsible for policies and procedures and practices implemented by its various agencies including the traffic control officers and is responsible for the acts and omission of its employees. The Arkansas State Police are responsible through the doctrine of respondeat superior.

Facts and Allegations

13. On November 7, 2015, at 8:24pm, Jerica Moore-Jones was the subject of a traffic stop for expired tags and while attempting to find a safe place with adequate lighting to stop her vehicle in response to the lights flashing on the ASP cruiser, that as she reduced her speed, the defendant Trooper Quick rammed his police cruiser (in a "pit" maneuver) into her vehicle and caused it to crash causing property damage and personal injury as herein after alleged.

14. At all times before the crash caused by Trooper Quick, Trooper Quick was aware that plaintiff, Jerica Moore-Jones, was attempting to find a safe lighted place to stop and despite that knowledge and within 52 seconds of initiating the traffic stop, chose to ram her vehicle and cause it to crash demonstrating extreme indifference for the health and safety of Jerica Moore-Jones and her daughter, Dela.

15. Upon information and belief this practice was standard at the ASP Troop A.

16. That upon informing the defendant Trooper Quick of her intentions during the stop, the Trooper realizing the gravity of what he had done, then issued a "bogus traffic citation" for allegedly violation of A.C.A. §27-51-901 "failure to yield to an emergency vehicle" to obscure and punish the plaintiff and keep her from pursuing her civil rights.

17. That Trooper Quick used force beyond that which was necessary to administer administrative interests in the safety or security of the persons exposed to such conduct. The amount of force in ramming her vehicle and forcing it to crash was not objectively reasonable, was extremely indifferent to the health and safety of Jerica Moore-Jones and her daughter, Dela, and amounted to punishment for not obeying the

6

request to stop her vehicle in an unsafe and unlighted place on the highway.

18. That following the crash and while the plaintiff sought medical care, the defendants conspired between themselves, under the guidance of the supervising official for the ASP, to misrepresent the facts and circumstances involving the crash so as to avoid accountability for their actions. This practice was standard at ASP.

Causes of Action

## Count I

### Violation of 42 U.S.C. § 1983, and Amendment XIV of the Constitution of the United States - Excessive Force Against Arkansas State Police Trooper Anthony Todd Quick

19. Plaintiffs restate and reassert each of the allegations contained in paragraphs 1-18.

20. Jerica Moore-Jones as a driver and a person driving in Saline County and her daughter, Dela, were entitled to the rights of all citizens of the United States and as such was further entitled to protection from employees of the ASP including, but not limited to, protection from excessive force during the time they were being stopped on November 7,

2015. These were rights guaranteed under the Fourteenth Amendment of the Constitution of the Unites States.

21. That despite Jerica Moore-Jones and her daughter's constitutional rights, Trooper Quick named herein individually and in his capacity of an ASP Trooper, with the approval of ASP used disproportional and excessive force to cause property damage and physical injury as he rammed plaintiffs' vehicle on November 7, 2015.

22. Defendants wanton aggression under the circumstances known to be injurious to plaintiff qualifies as cruel and unusual punishment and, as such, is prohibited by the Eighth Amendment and of the Constitution of the United States.

23. Plaintiffs are entitled to actual damages pursuant to 42 U.S.C. § 1983 and the common law of Arkansas and reasonable attorney's fees pursuant to 42 U.S.C. § 1988. Plaintiffs are entitled to punitive damages against the Trooper named herein, are so named pursuant to 42 U.S.C. § 1983 because defendants acted in their official and individual capacities, and in concert and with malice or with reckless disregard from which malice can be inferred against Trooper Quick.

Count II

<u>Violation of Ark. Code Ann. § 16-62-102 , the Constitution of the State of Arkansas, Article 2, § 9- Excessive Force Against Arkansas State Police Trooper Anthony Todd Quick</u>

24. Plaintiffs restate and reassert each of the allegations contained in paragraphs 1-23.

25. That as a citizen driver in Saline County on November 7, 2015, plaintiff and her daughter was entitled to the rights of all citizens of Arkansas and was further entitled to protection from the defendants, but not limited to, protection from excessive force. This was a right guaranteed under the Constitution of the State of Arkansas; Ark. Const. Art., 2, § 9 (2012).

26. That despite plaintiff and her daughter's constitutional rights, the defendants named herein, with the approval of Arkansas State Police engaged in an intentional and injurious "pit" maneuver during a traffic stop and used disproportional and excessive force under the circumstances to cause physical injury and property damage as alleged herein. The defendants intentionally failed to provide Constitutional protection under the circumstances.

27. Plaintiffs are entitled to actual damages pursuant to Arkansas common law

28. Plaintiffs are entitled to punitive damages against the defendants because defendants, in their individual and official capacities, acted with malice or with reckless disregard from which malice can be inferred in preforming the traffic stop.

## Count III

Damages for Assault and Battery

29. Plaintiffs restate and reassert each of the allegations contained in paragraphs 1-28.

30. That as a direct and proximate result of the collective acts and omissions as aforesaid, Jerica Moore-Jones and her daughter, Dela, suffered personal injury and property damage, during the traffic stop was the result of wrongful and unconstitutional acts by the defendants, as alleged herein, and were the proximate cause of their injuries.

31. That as a direct and proximate result of the wrongful acts Jerica Moore-Jones and her daughter, Dela, claim damages and pray for an amount in excess of the minimum federal jurisdictional limits which at this

time are Seventy Five Thousand Dollars, $75,000.00, exclusive of interest and cost. Such injuries and damages include but are not limited to:

    a.    for the damage to the car in which plaintiffs were riding;

    b.    for the medical expenses of Dela Moore;

    c.    for the conscious pain, suffering and mental anguish Dela Moore;

    d.    for medical expenses attributed to Jerica Moore-Jones;

    e.    for the pain suffering and mental anguish of Dela Moore; and

    f.    for the pain suffering and mental anguish of Jerica Moore-Jones.

## Count IV

Punitive Damages

32.    That the acts of the defendants, the ASP and Trooper Quick, were intentional or in reckless disregard of the rights of Jerica Moore-Jones and Dela Moore from which malice may be inferred and plaintiffs seek punitive damages in excess of $75,000.00 from defendants to punish them for their acts and to deter other individuals and officials from similar conduct.

Count V

Attorney Fees under 42 U.S.C. §1988

Plaintiffs are entitled to attorney fees in connection with this claim under 42 U.S.C. §1988.

Count VI

Jury Trial

33.   Plaintiffs pray for a trial by jury.

**WHEREFORE**, the plaintiffs pray for a judgment of and against the defendants for compensatory damages for a sum in excess of $75,000.00; for punitive damages in excess of $75,000.00; for a trial by jury and for all other just and proper relief to which they may be entitled.

Respectfully submitted,

RICHARD E. HOLIMAN
Holiman Law Firm
Attorneys at Law
212 Center Street, Suite 325
Little Rock, Arkansas  72201
(501) 375-1170

and

12

JAMES F. SWINDOLL
Law Offices of James F. Swindoll
Attorneys at Law
212 Center Street, Suite 300
Little Rock, Arkansas  72201
(501) 374-1290
(501) 374-3857 fax

_____
JAMES F. SWINDOLL
Bar No.  77131